IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Betty Elliott, | ) | Civil Action No. 8:11-cv-03045-TMC -JDA |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.[1]  Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").[2]  For the reasons set forth below, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

In September 2007, Plaintiff filed applications for DIB and SSI, alleging an onset of disability date of September 15, 2007.  [R. 90–103.]  The claims were denied initially and

---

[1]A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

[2]Section 1383(c)(3) provides, "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

on reconsideration by the Social Security Administration ("the Administration").  [R. 44–61, 63–66.]  On June 27, 2008, Plaintiff requested a hearing before an administrative law judge ("ALJ") [R. 62], and on November 27, 2009, ALJ Edward T. Morriss conducted a de novo hearing on Plaintiff's claims[3] [R. 29–43].

The ALJ issued a decision on February 25, 2010, finding Plaintiff not disabled.  [R. 16–23.]  At Step 1,[4] the ALJ found Plaintiff met the insured status requirements of the Social Security Act ("the Act") through December 31, 2012.  [R. 18, Finding 1.]  While Plaintiff alleged disability beginning September 15, 2007, the ALJ found that Plaintiff had engaged in substantial gainful activity from September 15, 2007 until June 1, 2008 but had not engaged in substantial gainful activity during any part of the remaining alleged disability period.  [R. 18, Findings 2 & 3.]

At Step 2, the ALJ determined Plaintiff had the following severe impairments: plantar fasciitis, ulnar nerve entrapment right elbow, carpal tunnel syndrome, fibromyalgia, and sleep apnea.  [R. 19, Finding 4.]  At Step 3, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1.  [R.19, Finding 5.]  The ALJ specifically considered Listings 1.02 and 3.10.  [*Id.*]

Before addressing Step 4, Plaintiff's ability to perform her past relevant work, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

---

[3]Plaintiff proceeded pro se before the ALJ but was represented by counsel before the Appeals Council and in the action before this Court.  [*See* R. 12, 31; Doc. 1.]

[4]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

> I find that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally.

[R. 20, Finding 6.] Based on this RFC finding, at Step 4, the ALJ found Plaintiff could not perform any past relevant work [R. 22, Finding 7], but because Plaintiff could perform the full range of sedentary work, the ALJ determined Medical-Vocational Rule 201.21 directed a finding of not disabled [R. 22, Findings 10 & 11]. Therefore, the ALJ concluded Plaintiff had not been under a disability as defined by the Act from September 15, 2007, the alleged onset date, through the date of the decision. [R. 23, Finding 12.]

Plaintiff requested Appeals Council review of the ALJ's decision [R. 12], but the Council declined review [R. 1–6]. Plaintiff filed this action for judicial review on November 8, 2011. [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence for the following reasons:

1. the ALJ failed to provide specific reasons for his credibility determination [Doc. 15 at 15–17; Doc. 17 at 1–6];

2. new evidence provided to the Appeals Council would have an affect on the ALJ's decision, which, under *Meyer v. Astrue*, 662 F.2d 700 (4th Cir. 2011), requires remand of the decision [Doc. 15 at 18–22; Doc. 17 at 6–11]; and

3. the ALJ erroneously relied on the medical-vocational grids because Plaintiff has non-exertional impairments [Doc. 15 at 22–26; Doc. 17 at 12].

The Commissioner, on the other hand, contends the ALJ's decision is supported by substantial evidence. [R. 8–9.] Further, the Commissioner argues

3

1.    the ALJ reasonably evaluated Plaintiff's credibility [Doc. 16 at 9–11];

2.    the ALJ correctly found that Grid Rule 201.21 directed a finding of "not disabled" [*id.* at 11–12]; and

3.    the new evidence does not relate back to and is not relevant to the period at issue [*id.* at 12–17].

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial

evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision).  Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'"  *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)).  Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."  *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g).  *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision).  To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence

or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision. *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

6

42 U.S.C. § 405(g).  A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[5]  With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

_____

[5]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence.  *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992).  Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990).  Accordingly, the Court will apply the more stringent *Borders* inquiry.

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability. 42 U.S.C. § 423(a). "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. §§ 404.1520, 416.920. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of her insured status to receive disability benefits. *Everett v. Sec'y of*

8

*Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Grant*, 699 F.2d at 191. If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.   *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. §§ 404.1572(a), 416.972(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* §§ 404.1572(b), 416.972(b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574–.1575, 416.974–.975.

### B.   *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See id.* §§ 404.1521, 416.921. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments. 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G). The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses. *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of

9

impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments."). If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

C.     *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509 or 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.[6]   20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii), (d).

D.     *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[7] with the physical and mental demands of the kind

---

[6]The Listing of Impairments is applicable to SSI claims pursuant to 20 C.F.R. §§ 416.911, 416.925.

[7]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

10

of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

**E.     *Other Work***

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See* 20 C.F.R. §§ 404.1520(f)–(g), 416.920(f)–(g); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[8]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).  When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.  20 C.F.R. §§ 404.1569a, 416.969a; *see Walker*, 889 F.2d at 49–50 ("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the

---

[8] An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. §§ 404.1569a(a), 416.969a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  20 C.F.R. §§ 404.1569a(c)(1), 416.969a(c)(1).

[Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy."). The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker*, 889 F.2d at 50. For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520. The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the

ALJ must give it controlling weight.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).  The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. §§ 404.1527(c), 416.927(c).  Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes

13

both ways.  *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986).  Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  20 C.F.R. §§ 404.1527(d), 416.927(d).  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  *Id.*

## IV.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. §§ 404.1517, 416.917; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986).  The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability.  20 C.F.R. §§ 404.1517, 416.917.  Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary.  *Id.*

## V.    Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis.  *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the

14

claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'" *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain." *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs." *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. §§ 404.1528, 416.928.  Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990).  The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth
> Circuit (North Carolina, South Carolina, Maryland, Virginia and

15

West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:

...

**FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence. If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability. Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered. Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990). SSR 90-1p has since been superseded by SSR 96-7p, which is consistent with SSR 90-1p. *See* SSR 96-7p, 61 Fed. Reg. 34,483-01 (July 2, 1996). SSR 96-7p provides, "If an individual's statements about pain or other symptoms are not substantiated by the objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms." *Id.* at 34,485; *see also* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the record. Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ

16

must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor. But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## **APPLICATION AND ANALYSIS**

**Credibility**

Plaintiff contends the ALJ's credibility determination is insufficient because the ALJ failed to provide specific explanation as to why he discredited Plaintiff's statements. [Doc. 15 at 15–17.] Plaintiff also complains the ALJ required objective evidence of fibromyalgia although the symptoms of fibromyalgia are entirely subjective.[9] [*Id.* at 16.] The Commissioner argues the ALJ's credibility analysis is valid and supported by substantial evidence. [Doc. 16 at 9–11.]

---

[9]"Fibromyalgia, a chronic condition recognized by the American College of Rheumatology (ACR), is inflammation of the fibrous and connective tissue, causing long-term but variable levels of muscle and joint pain, stiffness, and fatigue. Diagnosis is usually made after eliminating other conditions, as there are no confirming diagnostic tests." *Brosnahan v. Barnhart*, 336 F.3d 671, 672 n.1 (8th Cir. 2003) (citing Jeffrey Larson, *Fibromyalgia*, in 2 *The Gale Encyclopedia of Medicine* 1326–27 (Jacqueline L. Longe, et al. eds., 2d ed. 2002)); *see also Robertson v. Astrue*, No. 6:10-597-HMH-KFM, 2011 WL 1559058, at *3 (D.S.C. Apr. 25, 2011) (stating "'[fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective'" (alteration in original) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir.1996))).

17

Whenever a claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record.  SSR 96-7p, 61 Fed. Reg. at 34,485.  The credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  *Id.*; *see also Hammond*, 765 F.2d at 426 (stating that the ALJ's credibility determination "must refer specifically to the evidence informing the ALJ's conclusions").

The following is a nonexhaustive list of relevant factors the ALJ should consider in evaluating a claimant's symptoms, including pain: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment, other than medication, received to relieve the symptoms; and (6) any measures the claimant has used to relieve the symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  If the ALJ points to substantial evidence in support of his decision and adequately explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination.  *Mastro*, 270 F.3d at 176 (holding that the court is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency).

18

### *The ALJ's Credibility Determination*

After setting forth the applicable regulations for considering Plaintiff's symptoms, the ALJ discussed Plaintiff's testimony at the hearing that she quit working in June 2008 due to pain from fibromyalgia; considered her activities of daily living, which included washing dishes, laundry, and sweeping before going back to bed; and noted her testimony that "all her joints hurt and have since 2004." [R. 20.] The ALJ also mentioned Plaintiff's testimony that pain from her plantar fasciitis is relieved by lying down. [*Id.*] Thereafter, the ALJ concluded,

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not generally credible to the extent they are inconsistent with the above residual functional capacity assessment.

[*Id.*]

After making this determination, the ALJ discussed the nature, intensity, and persistence of Plaintiff's symptoms: she was given anterior wrist splints in 2007 for her carpal tunnel syndrome symptoms [*id.*]; orthotics and injections were used to relieve foot pain from the plantar fasciitis [R. 21]; a sleep study showed mild obstructive sleep apnea and mild sleep-disordered breathing [*id.*]; and Plaintiff's rheumatoligist prescribed Lyrica for fibromyalgia symptoms, to which Plaintiff was responding well [*id.*]. The ALJ also considered the opinion of a consultative examiner that Plaintiff would be precluded from performing most manual labor and that Plaintiff had pain in her hands and arms. [*Id.*]

Additionally, the ALJ noted that the state agency physicians also concluded Plaintiff was not disabled through a different rationale. [*Id.*] Ultimately, the ALJ concluded,

> Although the claimant's relatively conservative course of treatment and the objective evidence of record do not support her allegations of severe and disabling pain, I have given her the benefit of the doubt in limiting the amount she can stand, walk, lift, and carry. However, due to inconsistencies with the record as a whole, I cannot find the claimant's allegation that she is unable to perform all work activity to be credible.

[R. 22.]

### *Analysis*

If the ALJ rejects a claimant's testimony about her pain or physical condition, he is to explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence and to permit the claimant and subsequent reviewers to understand the weight and the reasons for the weight the ALJ gave the subjective claims. *Hammond*, 765 F.2d at 426; SSR 96-7p, 61 Fed. Reg. at 34,486. Here, the ALJ determined Plaintiff had medically determinable impairments that could reasonably be expected to cause her alleged symptoms, noted some of the medical evidence, and determined Plaintiff was not credible to the extent she alleged she was limited to less than the full range of sedentary work. [R. 20–22.] However, as Plaintiff argues, the ALJ failed to explain how the medical evidence informed his opinion of Plaintiff's credibility. Rather, the ALJ noted some of the medical evidence without indicating what conclusion he drew from the evidence or even what weight he gave the evidence.[10] For example, the ALJ

---

[10]The ALJ did indicate that the opinions of the non-examining state agency physicians "do not as a general matter deserve as much weight as those of examining or treating physicians, [but] these opinions do deserve some weight as they are supported by the objective medical evidence of record." [R. 21.] However, the ALJ did not explicitly indicate the weight he assigned to any of the opinions he discussed.

noted Plaintiff underwent a sleep study, which revealed mild-sleep disordered breathing and mild obstructive sleep apnea with hypersomnia, but the ALJ did nothing more to explain how this evidence is relevant, i.e., whether it supports or contradicts Plaintiff's alleged symptoms or how it otherwise relates to Plaintiff's impairments.

The Court notes the ALJ stated that he gave Plaintiff "the benefit of the doubt in limiting the amount she can stand, walk, lift, and carry" but that Plaintiff's allegations of severe and disabling pain were not supported by the medical evidence. [R. 22.] Thus, the ALJ seems to have acknowledged that he credited Plaintiff's pain complaints with respect to the strength demands of jobs, to the extent her allegations were consistent with an ability to perform sedentary work. *See* 20 C.F.R. § 404.1569a(b) (delineating the strength demands as sitting, standing, walking, lifting, carrying, pushing, and pulling). However, Plaintiff testified that she gets tired very easily and hurts all the time [*see, e.g.*, R. 36 ("I get tired very easily."), 39 ("[Fibromyalgia] affect[s] me by not wanting to do anything. You're constantly hurting all the time so you can't do anything much."); *see also* R. 20 (acknowledging Plaintiff testified that she hurts all the time)], which could indicate that Plaintiff has nonexertional limitations, *see Walker*, 889 F.2d at 49 (stating that pain may be a nonexertional limitation); 20 C.F.R. § 404.1569a(c) (explaining that a nonexertional limitation does not directly affect the claimant's exertional abilities—the ability to sit, stand, walk, lift, carry, push, or pull; rather, nonexertional limitations affect the mind, vision, hearing, and use of the body to climb, balance, stoop, kneel, crouch, crawl, reach, handle, and use the fingers for fine activities); SSR 96-9p, 61 Fed. Reg. 34,478-01, at 34,481 (July 2, 1996) ("Thus, it is the nature of the claimant's limitations, not certain impairments or symptoms, that determines whether the claimant will be found to have only exertional

21

limitations or restrictions, only nonexertional limitations or restrictions, or a combination of exertional and nonexertional limitations or restrictions."). While the ALJ apparently discredited this testimony, his decision fails to explain whether he considered Plaintiff's pain to be only exertional or whether and why he discredited Plaintiff's testimony to the extent she alleged nonexertional limitations.[11]  *See, e.g.*, *Walker*, 889 F.2d at 49 (stating that, in some cases, "pain occurs only upon exertion and limits one's strength functioning" but in other cases, the claimant's pain is "nonexertional in nature"). Without sufficient explanation, the Court cannot determine whether the ALJ's decision is supported by substantial evidence and, therefore, recommends this case be remanded for a proper credibility determination.

**Plaintiff's Remaining Arguments**

Because the Court finds the ALJ's failure to properly explain his credibility determination is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error, including Plaintiff's allegations that the ALJ improperly relied on the medical-vocational grids and that medical evidence first submitted to the Appeals Council should be considered in determining whether Plaintiff is disabled within the meaning of the Act.

---

[11]As Plaintiff's argument with respect to the ALJ's use of the grids points out, the ALJ's credibility determination is important not only with respect to the assessment of Plaintiff's RFC but also with respect to whether the Commissioner met his burden at Step 5 of the sequential evaluation.  [*See* Doc. 15 at 22–26.] Thus, while the ALJ indicated he gave Plaintiff "the benefit of the doubt" with respect to her allegations, the ALJ's failure to clearly explain what he considered to be the nature of Plaintiff's pain, i.e., exertional or nonexertional, and why prevents the Court from finding the ALJ's credibility determination is supported by substantial evidence.  *See Myers*, 611 F.2d at 982 (stating a reviewing court will reverse the Commissioner's decision if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law).

22

## CONCLUSION AND RECOMMENDATION

For the reasons set forth below, it is recommended that the decision of the Commissioner be REVERSED and REMANDED for administrative action consistent with this recommendation, pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 22, 2013
Greenville, South Carolina