IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Betty Elliott, ) | |
| ) | C/A No. 8:11-3045-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

  This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") filed on January 22, 2013, recommending that the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") be reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with the Magistrate Judge's Report. (Dkt. No. 19).

  The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff has not filed any objections to the Report. The Commissioner filed a notice of no objections on February 8, 2013. (Dkt. No. 21).

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court adopts the Report of the Magistrate Judge which is incorporated herein by reference.[1] The Commissioner's final decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Magistrate Judge's Report.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 11, 2013

---

[1] The court expresses no opinion as to the merits of Plaintiff's case; it merely finds procedural error on the part of the ALJ.

2